PER CURIAM.
This proceeding is before the Court on the petition of Richard J. Alfieri for reinstatement to membership in The Florida Bar. A referee was appointed and has submitted a report recommending reinstatement. The Florida Bar has filed a petition for review and opposes reinstatement. We have jurisdiction. Art. V, § 15, Fla. Const.
Petitioner was permitted to resign by judgment rendered on March 10, 1983. The Florida Bar re: Alfieri, 428 So.2d 662 (Fla.1983). He filed his petition for reinstatement on June 9, 1986.[1] In our opinion allowing resignation, we noted that The Florida Bar was opposed to our granting the petition for leave to resign. The Bar had indicated that it preferred to prosecute petitioner on a disciplinary complaint and would seek disbarment. Petitioner had entered guilty pleas and been convicted of two felonies in federal court. The offenses were (1) conspiracy to evade and conceal *1117 true and correct taxable income[2] and (2) causing[3] the failure and knowingly failing to file a currency transaction report[4] as part of a pattern of illegal activity.[5]
In his petition for reinstatement, petitioner reported that he was a member in good standing of the Bar of the State of New York. However, during the pendency of the proceedings before the referee, notice was given that a disciplinary complaint had been filed against petitioner in a New York court, based partly on petitioner’s felony convictions and partly on his failure to inform the appropriate court of the State of New York concerning his felony convictions. After the referee filed his report, we were informed that petitioner has been disbarred in New York for the foregoing violations.
The referee found that respondent has a reputation for good character and a good professional reputation, that he has rehabilitated himself, that he shows a sincere intent to avoid wrongdoing, and that he blames himself and no one else for his criminal convictions and consequent professional discipline.
In support of its petition for review, the Bar points out that respondent’s disbarment in New York subsequent to his Florida resignation was based not only on his criminal convictions but on the further misconduct of failing to provide notice thereof to the New York judicial authorities. The Bar argues that this failure to comply with the regulatory rules of that jurisdiction casts doubt on petitioner’s fitness to resume the practice of law in Florida. We agree.
In view of the seriousness of the petitioner’s criminal misconduct, which provided grounds for his disbarment had he not been permitted to resign, and of his further misconduct with regard to the Bar of the State of New York which has resulted in his disbarment in that jurisdiction, we decline at the present time to approve petitioner’s reinstatement to membership in The Florida Bar. The referee’s recommendation is rejected and the petition is denied.
It is so ordered.
EHRLICH, C.J., and OVERTON, SHAW, GRIMES and KOGAN, JJ., concur.
McDonald and BARKETT, JJ., dissent.

. Under the Rules Regulating The Florida Bar, which took effect on January 1, 1987, a member who resigns while disciplinary proceedings are pending must apply for readmission through the Board of Bar Examiners. Rule 3-7.9(a), Rules Regulating Fla. Bar. However, under the rules in effect at the time of petitioner’s resignation and at the time of the filing of the instant petition, a resigned member could petition this Court for reinstatement after three years. Fla. Bar Integr. Rule, art. XI, Rule 11.08(6).

. 18 U.S.C. § 371 (1982) (conspiracy).

. 18 U.S.C. § 2 (1982) (counseling, procuring, or causing an offense to be committed).

. 31 U.S.C. § 5313 (1982) (currency transaction reports required) (formerly 31 U.S.C. §§ 1081-82).

.31 U.S.C. § 5322(b) (1982) (failure to file as part of a pattern of illegal activity) (formerly 31 U.S.C. § 1059).